# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Cheryl H. Powell, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No.: _____ |
| Na Ya Plastics ) | |
| Corporation, America ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER TO COMPLAINT

Defendant Nan Ya Plastics Corporation, America, incorrectly identified as Na Ya Plastics Corporation, America, answers Plaintiff's Complaint as follows:

1. Defendant admits upon information and belief that Plaintiff is a fifty-year old female who is a citizen and resident of the county of Florence. The remainder of Paragraph 1 of the Complaint is admitted.

2. Defendant admits that Plaintiff was an employee of Defendant from 1999 until her termination on May 24, 2007. The remainder of Paragraph 3 of the Complaint is denied.

3. Paragraph 3 of the Complaint is admitted.

4. Paragraph 4 of the Complaint is denied.

5. Paragraph 5 of the Complaint is denied.

6. Paragraph 6 of the Complaint is denied.

7. With respect to Paragraph 7 of the Complaint, Defendant admits that on the morning of February 22, 2007, David Trammel (Quality Control Manager), Travis Hyman (Quality Control Assistant Manager), Brent Cutright (Quality Control Supervisor), and Steve Page (Quality Control Auto-Packing Manager) met with Plaintiff to discuss her work performance and give her a warning for tardiness. The remainder of Paragraph 7 of the Complaint is denied.

8. With respect to Paragraph 8 of the Complaint, Defendant admits that during the meeting on February 22, 2007, Plaintiff alleged that some members of management made comments in the office which she considered to be "unprofessional." The remainder of Paragraph 8 of the Complaint is denied.

9. With respect to Paragraph 9 of the Complaint, Defendant admits that on February 22, 2007, Personnel Manager Eric Stevenson, Personnel Supervisor Christian Mann, and Senior Account Manager Annie Tsai met with Powell and discussed her allegations of inappropriate comments. The remainder of Paragraph 9 of the Complaint is denied.

10. Paragraph 10 of the Complaint is denied.

11. Paragraph 11 of the Complaint is denied.

12. With respect to Paragraph 12 of the Complaint, Defendant admits that if Director Bruce Chen counseled a manager or supervisor, Page or Hyman would occasionally make statements, such as, "Bruce just gave me some sugar" or "I just got my sugar" referring to the counseling. The remainder of Paragraph 12 of the Complaint is denied.

13. With respect to Paragraph 13 of the Complaint, Defendant admits that Plaintiff was asked to prepare an involuntary termination notice for Edward Graham, an employee

with a disciplinary history, who was terminated for a repeat safety violation. The remainder of Paragraph 13 of the Complaint is denied.

14. With respect to Paragraph 14 of the Complaint, Defendant admits that Plaintiff spoke to Stevenson about her concerns. The remainder of Paragraph 14 of the Complaint is denied.

15. With respect to Paragraph 15 of the Complaint, Defendant admits that Page directed Plaintiff to return to her job duties on May 24, 2007, because Plaintiff was socializing with two other employees. Page also informed Plaintiff he would be signing her paperwork. The remainder of Paragraph 15 of the Complaint is denied.

16. With respect to Paragraph 16 of the Complaint, admits that Plaintiff was terminated on May 24, 2007. The remainder of Paragraph 16 of the Complaint is denied.

17. With respect to Paragraph 17 of the Complaint, each and every allegation of Defendant's Answer is incorporated to the same extent as if set forth verbatim.

18. Paragraph 18 of the Complaint is denied.

19. Paragraph 19 of the Complaint is denied.

20. Paragraph 20 of the Complaint is denied.

21. Paragraph 21 of the Complaint is denied.

22. Paragraph 22 of the Complaint is denied.

23. Paragraph 23 of the Complaint is denied.

24. Paragraph 24 of the Complaint is denied.

25. Paragraph 25 of the Complaint is denied.

26. Paragraph 26 of the Complaint is denied.

27. With respect to Paragraph 27 of the Complaint, each and every allegation of Defendant's Answer is incorporated to the same extent as if set forth verbatim.

28. Paragraph 28 of the Complaint is denied.

29. Paragraph 29 of the Complaint is denied.

30. Paragraph 30 of the Complaint is denied.

31. Paragraph 31 of the Complaint is denied.

32. Paragraph 32 of the Complaint is denied.

33. Each and every allegation of the Complaint not herein specifically admitted is denied.

34. Defendant denies that Plaintiff is entitled to the relief sought in the prayer for relief or to any relief whatever in this case.

35. To the extent that Plaintiff's demand for a jury trial demands a response, Defendant admits that the Complaint as currently drafted, states claims triable by jury.

**FOR A SECOND DEFENSE**

36. Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FOR A THIRD DEFENSE**

37. Plaintiff's claims, in whole or in part, must fail because Plaintiff has failed to exhaust her administrative remedies.

### FOR A FOURTH DEFENSE

38. Plaintiff's claims under the ADEA and Title VII are barred to the extent that those claims were not the subject of a timely charge filed with the EEOC and/or South Carolina Human Affairs Commission ("SCHAC") against Defendant pursuant to 42 U.S.C. § 2000e-5(e), with respect to which no investigation or conciliation efforts have been made by the EEOC and/or SCHAC, or that were not made the subject of a timely civil action pursuant to 42 U.S.C. § 2000e-5(f)(1).

### FOR A FIFTH DEFENSE

39. With respect to Plaintiff's First and Second Causes of Action, Plaintiff lacks standing to sue on any claims based on allegations not contained in and beyond the scope of the charge she filed with the EEOC and/or SCHAC.

### FOR A SIXTH DEFENSE

40. With respect to Plaintiff's Second Cause of Action, to the extent Plaintiff seeks liquidated damages, Plaintiff's claims for such damages are barred because Defendant had a good faith, reasonable belief that all of its actions were lawful under the Age Discrimination in Employment Act.

### FOR A SEVENTH DEFENSE

41. With respect to Plaintiff's Second Cause of Action, to the extent that Plaintiff seeks relief for age discrimination, compensatory and punitive damages are not available under the Age Discrimination in Employment Act.

**FOR AN EIGHTH DEFENSE**

42. Plaintiff's claims, in whole or in part, are barred because she unreasonably failed to complain and/or otherwise take advantage of any protective or corrective opportunity provided by Defendant or to avoid harm otherwise.

**FOR A NINTH DEFENSE**

43. Defendant avers that if any of the allegations of unlawful conduct contained in the Complaint are found to have merit, such acts did not occur with sufficient frequency to create an abusive or hostile working environment.

**FOR A TENTH DEFENSE**

44. Defendant avers that it exercised reasonable care to prevent and correct promptly any harassing behavior and that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**FOR AN ELEVENTH DEFENSE**

45. Defendant avers that its acts, if any, in reference to the matters and things alleged in the Complaint were based on legitimate, non-discriminatory business motivations.

**FOR A TWELFTH DEFENSE**

46. Defendant expressly denies that it or any employee under its supervision acted in any manner that violated Plaintiff's rights, including engaging in sex or age

discrimination against Plaintiff.  If Plaintiff's rights were violated by an employee of Defendant, such violation occurred outside the scope of employment and without the consent of Defendant.  Defendant neither knew nor had reason to know of any such violation.  Defendant did not condone, ratify, or tolerate any such conduct, but instead prohibited such conduct.

### FOR A THIRTEENTH DEFENSE

47. Defendant may not be held vicariously liable for punitive damages under Title VII based on unlawful employment actions made by its agents, if any are proven, because any such alleged unlawful actions were contrary to Defendant's policies and good faith efforts to comply with Title VII.

### FOR A FOURTEENTH DEFENSE

48. Plaintiff's claims are barred, in whole or in part, to the extent she has failed to fully mitigate alleged damages or other losses, as required by law.  Any damages alleged by Plaintiff must be offset by interim earnings, severance pay, unemployment compensation, and any other pay or benefits as required by law.

### FOR A FIFTEENTH DEFENSE

49. Plaintiff's claims for attorneys' fees and expenses against Defendant is barred because Defendant has not acted in bad faith, has not been stubbornly litigious, and has not caused Plaintiff unnecessary expense in any transaction underlying Plaintiff's allegations.

## FOR A SIXTEENTH DEFENSE

50. With regard to Plaintiff's damages, Defendant avers that such damages are barred to the extent that they exceed the limits set forth in 42 U.S.C. § 1981(a).

## FOR A SEVENTEENTH DEFENSE

51. Any recovery on Plaintiff's Complaint may be barred, in whole or in part, based upon after-acquired evidence.

## FOR AN EIGHTEENTH DEFENSE

52. Defendant reserves the right to assert further affirmative defenses upon discovery of facts not previously known.

WHEREFORE, having fully considered Plaintiff's Complaint, Defendant prays that:

(A)  The Court enter judgment in their favor;

(B)  The Plaintiff's Complaint be dismissed with prejudice; and

(C)  The Court provide an award to Defendant such other and further relief as it deems just and proper.

Respectfully submitted,

                            FISHER & PHILLIPS LLP


                            /s/ Jonathan P. Pearson
                    By:     Jonathan P. Pearson (Federal ID# 3027)
                            Karen L. Gieselman (Federal ID# 9862)
                            Attorneys for Defendant
                            Nan Ya Plastics Corporation, America
                            jpearson@laborlawyers.com
                            kgieselman@laborlawyers.com

Fisher & Phillips LLP
Post Office Box 11612
Columbia, South Carolina 29211
Telephone: (803) 255-0000
Facsimile: (803) 255-0202

Dated this 9th day of July 2008.