Westlaw

229 F.3d 1141
229 F.3d 1141, 2000 WL 1225547 (C.A.4 (Md.))
(Table, Text in WESTLAW), Unpublished Disposition
(Cite as: 229 F.3d 1141, 2000 WL 1225547 (C.A.4 (Md.)))

Page 1

C
NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. See CTA4 Rule 32.1.

United States Court of Appeals, Fourth Circuit.
John O. BRICE, Plaintiff-Appellant,
v.
JOULE INCORPORATED, Defendant-Appellee.
No. 00-1068.

Submitted July 31, 2000.
Decided Aug. 29, 2000.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Chief District Judge. (CA-98-3247-JFM).
Lawrence E. Dube, Jr., Dube & Goodgal, P.C., Baltimore, Maryland, for Appellant.

James V. McFaul, Law Office of James V. McFaul, P.A., Towson, Maryland, for Appellee.

Before WIDENER and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

OPINION
PER CURIAM.

*1 Affirmed by unpublished per curiam opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

John O. Brice appeals the district court's order granting summary judgment to his former employer and dismissing his employment discrimination action. We affirm.

Brice was hired by Joule, Inc., a temporary staffing agency, on November 27, 1995. On December 11, 1995, Brice was laid off, as the temporary job for which he was hired was completed. There was no further contact between Joule and Brice until Joule contacted Brice in September of 1996, and brought him back to work as a spray painter. Joule thereafter laid Brice off for unsatisfactory performance.

A short time later, Joule recalled Brice to work as a trade assistant at a job site for Chesco Company. On November 20, 1996, Jere Hunt, the site foreman, complained that it took Brice too long to complete some work and asked, "John, how old are you?" After this incident, Hunt reported to Kim Street, Joule's senior manager in Baltimore, that Brice was not working up to speed and had been disrespectful and insubordinate.

As a result of the dispute between Brice and Hunt, Street transferred Brice to another Chesco site. Brice spoke to Street, protesting the transfer and complaining that he was being discriminated against on the bases of his race and age.[FN*] A few days later, Brice complained to Street again, via telephone. However, Street refused to transfer Brice back to the original Chesco site. Brice continued to work at the second Chesco site until he was laid off on December 9, 1996, at Chesco's request.

> FN* At the time, Brice, an African American, was 59 years old.

On December 10, 1996, Street telephoned Brice and offered him a one- or two-day job as a trade assistant at a bakery. Brice declined the job in hopes of returning to Chesco. During the conversation, Brice reasserted his allegations of discrimination. Brice called Street for a final time on December 16, 1996, to obtain the contact number for his labor union and to again discuss his allegations of discrimination. Since this final conversation, Joule has never offered Brice any employment opportunities.

Brice filed the instant suit in district court, alleging

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

229 F.3d 1141
229 F.3d 1141, 2000 WL 1225547 (C.A.4 (Md.))
(Table, Text in WESTLAW), Unpublished Disposition
(Cite as: 229 F.3d 1141, 2000 WL 1225547 (C.A.4 (Md.)))

Page 2

that Joule discriminated against him based on his race and age when Street transferred him to a different job site and when Joule failed to rehire him. Brice's complaint also alleged that Joule retaliated against him for his complaints of discrimination by refusing to rehire him. The district court entered summary judgment for Joule, finding no evidence of discrimination based on race, Brice's transfer was not an adverse employment action, and Brice's series of telephone calls to Street were not protected activities.

This Court reviews de novo a district court's order granting summary judgment and views the facts in the light most favorable to the nonmoving party. *See Scheduled Airlines Traffic Offices, Inc. v. Objective Inc.,* 180 F.3d 583, 590-91 (4th Cir.1999). Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See*Fed.R.Civ.P. 56(c). Once the moving party discharges its burden by showing that there is an absence of evidence to support the nonmoving party's case, *see Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986), the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).

*2 In the absence of direct evidence of discrimination, a plaintiff must rely on the indirect, burden-shifting method of proof established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Under *McDonnell Douglas,* the plaintiff has the initial burden of establishing a prima facie case of discrimination. *See id.* at 802.Establishing a prima facie case gives rise to an inference of discrimination, and the burden then shifts to the defendant to provide a legitimate, non-discriminatory reason for its action. *See id.* at 802-04.The defendant's burden is one of production, not persuasion. *See Henson v. Liggett Group, Inc.,* 61 F.3d 270, 274-75 (4th Cir.1995). If the defendant provides evidence of a non-discriminatory reason for its action, the plaintiff, who bears the ultimate burden of persuasion, must show, by a preponderance of the evidence, that the proffered reason was a pretext for discrimination. *See Reeves v. Sanderson Plumbing Prods. Inc.,* U.S., 120 S.Ct. 2097, 2108 (2000); *Henson,* 61 F.3d at 275.

Brice's first claim is that Joule discriminated against him based on his age when it transferred him to a different job site. To establish a prima facie case of age discrimination, a plaintiff must establish that: (1) he was a member of the protected class; (2) he suffered an adverse employment action; (3) at the time of the adverse employment action, he was performing his job at a level that met his employer's legitimate expectations; and (4) that he was replaced by a substantially younger individual. *See O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 310-11 (1996). Brice fails to show that he was meeting his employer's legitimate expectations before he was transferred. Although Brice argues that his performance was satisfactory and offers the testimony of a co-worker as proof, it is the perception of the decision-maker, not the opinions of co-workers, that is relevant. *See Tinsley v. First Union Nat'l Bank,* 155 F.3d 435, 444 (4th Cir.1998).

Furthermore, Joule presents legitimate, non-discriminatory reasons for Brice's transfer, including the prevention of further confrontations between Hunt and Brice and filling Chesco's request for another worker at the second job site. Brice offers no evidence that these reasons were pretextual. Because Brice fails to show that he was meeting his employer's legitimate expectations or that his employer's legitimate reasons for the transfer were pretextual, we decline to decide whether Brice's transfer to an employment site with potentially fewer overtime opportunities was an adverse employment action.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

229 F.3d 1141
229 F.3d 1141, 2000 WL 1225547 (C.A.4 (Md.))
(Table, Text in WESTLAW), Unpublished Disposition
(Cite as: 229 F.3d 1141, 2000 WL 1225547 (C.A.4 (Md.)))

Page 3

Brice's second claim is that Joule discriminated against him based on his age when it failed to recall him from lay-off status. Assuming without deciding that the failure of a temporary staffing agency to recall an employee from lay-off is an adverse employment action, Joule offers several reasons for its failure to recall Brice, including his prior unsatisfactory performance as spray painter and at the first Chesco site.

*3 Upon the presentation of legitimate non-discriminatory reasons, the burden shifts back to Brice to show that the reasons are pretextual. We held in *Proud v. Stone,* 945 F.2d 796 (4th Cir.1991), that "where the hirer and the firer are the same individual and the termination of employment occurs within a relatively short time span following the hiring, a strong inference exists that discrimination was not a determining factor for the adverse action." *Id.* at 797. In this case, the allegedly adverse action occurred within a few months of Brice's hiring. Brice argues that *Proud* does not apply because there is a factual dispute as to whether it was Street or another Joule representative who rehired him in September of 1996.

Brice testified at his deposition that Street recalled him from lay-off to work as a spray painter and that Street also hired him for the Chesco job. His later affidavit states that it was actually another Joule representative, Tom Major, who hired him for the spray painting job. The affidavit did not, however, contradict his deposition testimony that Street recalled him from lay-off after the spray painting job to take the Chesco job. A plaintiff may not create an issue of fact by submitting an affidavit that is inconsistent with prior deposition testimony. *See Rohrbough v. Wyeth Labs., Inc.,* 916 F.2d 970, 975 (4th Cir.1990). Furthermore, because Street took Brice off lay-off status and hired him for the Chesco job, she was the hirer within the meaning of *Proud. See Mitchell v. Data Gen. Corp.,* 12 F.3d 1310, 1318 (4th Cir.1993) (holding that *Proud* inference applies where supervisor does not initially hire employee but laterally transfers employee to new position and shortly thereafter terminates employee). Brice offers no "egregious facts" as required by *Proud* that could otherwise demonstrate age discrimination or pretext. *See Proud,* 945 F.2d at 798.

Brice's final claim is that Joule failed to recall him from lay-off status in retaliation for his complaints of discrimination. To establish a prima facie case of retaliation, Brice must show that: (1) he engaged in protected activity; (2) his employer took adverse action against him; and (3) a sufficient causal connection existed between his protected activity and his employer's adverse action. *See McNairn v. Sullivan,* 929 F.2d 974, 980 (4th Cir.1991). The ADEA provides that an employer may not discriminate against an employee who has opposed unlawful discrimination or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADEA. *See* 29 U.S.C.A. § 623(d) (West 1994 & Supp.2000). "Opposition activity encompasses utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities." *Laughlin v. Metropolitan Wash. Airports Auth.,* 149 F.3d 253, 259 (4th Cir.1998) (interpreting identical clause in Title VII actions). As long as an employee complains to his employer in an orderly and nondisruptive manner, the employee's activities are entitled to protection under § 704's opposition clause. *See id.* at 260.

*4 Brice asserts that his conversations with Street were protected activity because he complained about perceived discrimination in an orderly and nondisruptive fashion. Joule disputes this, stating that Brice's telephone calls were abusive and harassing. The tone and content of these phone calls are material facts in determining whether Brice engaged in protected opposition activity. Because the facts are in dispute, the district court erred in granting summary judgment on the retaliation claims on this basis.

However, Joule offered several legitimate non-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

229 F.3d 1141
229 F.3d 1141, 2000 WL 1225547 (C.A.4 (Md.))
(Table, Text in WESTLAW), Unpublished Disposition
(Cite as: 229 F.3d 1141, 2000 WL 1225547 (C.A.4 (Md.)))

Page 4

discriminatory reasons for failing to recall Brice, including his prior unsatisfactory performance as a spray painter and at the first Chesco site. Because this reason, if believed by a jury, would justify Joule's failure to recall Brice, Joule satisfied its burden, shifting the full burden of proof to Brice to demonstrate, by a preponderance of the evidence, that this proffered justification was in fact pretext for unlawful retaliation.

Although Brice contends that his work was satisfactory and offers a co-worker's affidavit stating the same, Brice's perceptions and the opinion of a co-worker are irrelevant. *See Tinsley,* 155 F.3d at 444.Brice also fails to establish pretext by arguing that Street's records of their conversations about the allegations of discrimination indicate animosity toward Brice. Street's notes certainly reveal that she was frustrated with Brice's continuing allegations. But despite four or five such conversations, Street still offered Brice a job at Schmidt Baking Company on December 10, 1996. Accordingly, we find that Brice failed to carry his burden and this claim was properly dismissed on summary judgment. *See Cochran v. Morris,* 73 F.3d 1310, 1315 (4th Cir.1996) (reviewing court may affirm for any reason appearing on the record).

We find no reversible error and affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

C.A.4 (Md.),2000.
Brice v. Joule Inc.
229 F.3d 1141, 2000 WL 1225547 (C.A.4 (Md.))

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.