Westlaw.

149 F.3d 1168
149 F.3d 1168, 1998 WL 276273 (C.A.4 (N.C.))
(Table, Text in WESTLAW), Unpublished Disposition
(Cite as: 149 F.3d 1168, 1998 WL 276273 (C.A.4 (N.C.)))

Page 1

C
NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. See CTA4 Rule 32.1.

United States Court of Appeals, Fourth Circuit.
Lavera ELLISON, Plaintiff-Appellant,
v.
FIRST CITIZENS BANK & TRUST COMPANY, Defendant-Appellee.
No. 97-1623.

Submitted: April 14, 1998.
Decided: May 29, 1998.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern, (CA-96-58-4-H); Malcolm J. Howard, District Judge.
Ralph T. Bryant, Jr., RICE, BRYANT & MACK, P.A., Havelock, North Carolina, for Appellant.

S. McKinley Gray, III, William Joseph Austin, Jr., WARD & SMITH, P.A., New Bern, North Carolina, for Appellee.

Before HAMILTON and MOTZ, Circuit Judges, and HALL, Senior Circuit Judge.

OPINION

PER CURIAM:

*1 Lavera Ellison appeals the district court's order granting summary judgment in favor of her employer, First Citizens Bank and Trust Company ("the Bank"). Ellison alleged employment discrimination based upon her race [FN1] and age.[FN2] Finding no reversible error, we affirm.

Ellison, a black female born in December 1947, has held a number of positions with the Bank since her employment began in 1972. With a high-school diploma, she started as a bookkeeper at the Beaufort Main branch ("Main Branch"). In 1980, she became a part-time teller at the East Beaufort branch ("East Branch"). By January 1991, Ellison had been promoted to a full-time Teller I; by October 1992, she was a Teller II. The Bank's area vice-president, Bruce Caldwell, acknowledged that from 1992 to 1994, Ellison "essentially managed" the East Branch. Throughout this period, Ellison consistently received positive evaluations as she handled a variety of banking duties, which included supervising tellers, opening new accounts, collecting delinquent accounts, and conducting staff meetings. As a result, in January 1994, Ellison was promoted to Customer Service Representative at the Main Branch. In addition to her previous duties, Ellison also began processing loan requests.

The position of Branch Manager II became open at the East Branch when the Bank decided to make the East Branch a full-service facility, with the authority to make, underwrite and close loans. Caldwell asserted that the preferred candidate would possess business development skills along with an understanding of the lending process. Ellison was one of two applicants for the position. Caldwell chose the other applicant, Kent Denton, who was a white male under the age of forty, for the position. On appeal, Ellison asserts that because she was equally qualified for the position and because the Bank has engaged in a practice and pattern of hiring only white persons for managerial positions, the Bank's failure to promote her was based on her age and her race and amounted to disparate treatment that had a disparate impact.

We review the district court's grant of summary judgment de novo.[FN3] Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.[FN4] We review the facts and all

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

149 F.3d 1168
149 F.3d 1168, 1998 WL 276273 (C.A.4 (N.C.))
(Table, Text in WESTLAW), Unpublished Disposition
(Cite as: 149 F.3d 1168, 1998 WL 276273 (C.A.4 (N.C.)))

Page 2

reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.[FN5] If there is a complete failure of proof of an essential element of the non-moving party's case, the remaining facts are rendered immaterial.[FN6] To establish a claim of age discrimination, a plaintiff must prove, with reasonable probability, that her age was a determining factor in the adverse employment decision.[FN7] The burden of proving an age or race discrimination claim may be satisfied by direct evidence or by circumstantial evidence. Without direct evidence, a plaintiff can establish a prima facie case of unlawful discrimination with circumstantial evidence by showing that: (1) she was a member of a protected group; (2) she applied for the position in question; (3) she was qualified for the position; and, (4) she was rejected for the position in favor of someone not a member of the protected group under circumstances giving rise to an inference of unlawful discrimination.[FN8] If the plaintiff is able to set forth a prima facie case of discrimination, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory explanation for the adverse employment decision.[FN9] If the defendant meets this burden, then the presumption of discrimination drops from the case, leaving the plaintiff with the ultimate burden of proving that the defendant intentionally discriminated against her.[FN10] In meeting this burden, the plaintiff may offer proof that the defendant's explanation of the adverse employment decision was a mere pretext.[FN11]

*2 Under these shifting burdens of proof and production, the district court found that Ellison established a prima facie case of both race and age discrimination. It also found that the Bank articulated reasonable, non-discriminatory reasons for refusing to promote Ellison. The court cited Denton's outside sales experience and his broader financial background, including his four-year business administration degree with a concentration in banking and finance, as support for the Bank's promotion decision. The court also concluded that Ellison failed to demonstrate that the Bank's proffered reasons were pretextual. We agree.

Ellison presented no evidence contradicting the Bank's legitimate, non-discriminatory reason for its employment decision. Although Ellison may have had more seniority as an employee of the Bank and experience was not a requisite for the managerial position, Ellison does not show a causal connection between the employment decision and her race or age.[FN12] Thus, she has not carried her ultimate burden of persuasion as to her claims of age and race discrimination.

Accordingly, we affirm the district court's grant of summary judgment in favor of the Bank. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

    FN1. *See* 42 U.S.C. § 1981 (1994).

    FN2. *See* 29 U.S.C. §§ 621-634 (1994).

    FN3. *See Henson v. Liggett Group, Inc.,* 61 F.3d 270, 274 (4th Cir.1995).

    FN4. *See* Fed.R.Civ.P. 56(c).

    FN5. *See Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985).

    FN6. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

    FN7. *See Lovelace v. Sherwin-Williams Co.,* 681 F.2d 230, 238 (4th Cir.1982).

    FN8. *See Alvarado v. Board of Trustees of Montgomery Community College,* 928 F.2d 118, 121 (4th Cir.1991) (utilizing a modified version of the test set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

149 F.3d 1168
149 F.3d 1168, 1998 WL 276273 (C.A.4 (N.C.))
(Table, Text in WESTLAW), Unpublished Disposition
(Cite as: 149 F.3d 1168, 1998 WL 276273 (C.A.4 (N.C.)))

Page 3

FN9.*See Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1314-15 (4th Cir.1993) (acknowledging that the burden shifting scheme of *McDonnell Douglas* applies equally to Title VII cases involving claims of age or race discrimination).

FN10.*See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

FN11.*See Mitchell,* 12 F.3d at 1315.

FN12.*See Autry v. North Carolina Dep't of Human Resources,* 820 F.2d 1384, 1386 (4th Cir.1987) (holding that a claimant must show that he was not promoted because of his race, not just that he was a member of the black race and he was not promoted).

C.A.4 (N.C.),1998.
Ellison v. First Citizens Bank & Trust Co.
149 F.3d 1168, 1998 WL 276273 (C.A.4 (N.C.))

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.