Westlaw.

106 Fed.Appx. 829
106 Fed.Appx. 829, 2004 WL 1775010 (C.A.4 (Md.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 106 Fed.Appx. 829, 2004 WL 1775010 (C.A.4 (Md.)))**

**C**
This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Fourth Circuit Rule 32.1 (Find CTA4 Rule 32.1)

United States Court of Appeals,
Fourth Circuit.
Anthony B. WARE, Plaintiff-Appellant,
v.
John E. POTTER, Postmaster General, U.S. Postal Service, Defendant-Appellee.
**No. 03-1577.**

Argued June 2, 2004.
Decided Aug. 10, 2004.

**Background:** Postal employee brought employment discrimination action, based on allegations that he was denied his share of temporary acting supervisor assignments and temporary material handler assignments. The United States District Court for the District of Maryland, Peter J. Messitte, J., entered summary judgment in favor of Postmaster General, and employee appealed.

**Holdings:** The Court of Appeals held that:
(1) employee could not argue on appeal that he should have been allowed a continuance to conduct discovery;
(2) employee could not show that employer's non-discriminatory explanation that it gave assignments to more qualified workers was pretextual; and
(3) employee failed to establish that supervisor's adding a higher ranking worker to the top of promotion eligibility register (PER) was causally related to a protected activity, as was required to make out prima facie case of retaliation.

Affirmed.

West Headnotes

**[1] Federal Courts 170B ☞640**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(D) Presentation and Reservation in Lower Court of Grounds of Review
            170BVIII(D)2 Objections and Exceptions
                170Bk639 Motions Presenting Objections
                    170Bk640 k. In General; Necessity. Most Cited Cases
Postal employee, who never moved for a continuance or filed an affidavit to alert the district court that he needed more time to gather evidence to avoid summary judgment on his employment discrimination complaint, could not argue on appeal that he should have been allowed a continuance to conduct discovery. Fed.Rules Civ.Proc.Rule 56(f), 28 U.S.C.A.

**[2] Civil Rights 78 ☞1179**

78 Civil Rights
    78II Employment Practices
        78k1164 Sex Discrimination in General
            78k1179 k. Discrimination Against Men; Reverse Discrimination. Most Cited Cases

**Civil Rights 78 ☞1251**

78 Civil Rights
    78II Employment Practices
        78k1241 Retaliation for Exercise of Rights
            78k1251 k. Motive or Intent; Pretext. Most Cited Cases

**Postal Service 306 ☞5**

306 Postal Service
    306I Postal Service in General
        306k3 The Postal Service
            306k5 k. Officers, Clerks, and Employees. Most Cited Cases

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

106 Fed.Appx. 829
106 Fed.Appx. 829, 2004 WL 1775010 (C.A.4 (Md.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 106 Fed.Appx. 829, 2004 WL 1775010 (C.A.4 (Md.)))**

Assuming postal employee made out a prima facie case of employment discrimination, based on allegations that he was denied his share of temporary acting supervisor assignments and temporary material handler assignments, employee could not show that employer's non-discriminatory explanation that it gave assignments to more qualified workers was pretextual, as was required to prove that he was denied assignments due to his sex or in retaliation for engaging in protected activity.

**[3] Civil Rights 78 ☞1252**

78 Civil Rights
    78II Employment Practices
        78k1241 Retaliation for Exercise of Rights
            78k1252 k. Causal Connection; Temporal Proximity. Most Cited Cases

**Postal Service 306 ☞5**

306 Postal Service
    306I Postal Service in General
        306k3 The Postal Service
            306k5 k. Officers, Clerks, and Employees. Most Cited Cases
Assuming supervisor added a higher ranking worker to the top of promotion eligibility register (PER) to block postal employee from temporary material handler assignments and this action counted as an adverse employment action against employee, employee failed to establish that this action was causally related to the protected activity, as was required to make out a prima facie case of retaliation, where worker had been at the top of the PER over four months before employee alleged he first engaged in protected activity.

***830** Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, District Judge. (CA-02-2713-8-PJM).**ARGUED:** Camilla Carolyn McKinney, Washington, D.C., for Appellant. Thomas Frank Corcoran, Assistant United States Attorney, Office of the United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** Thomas M. DiBiagio, United States

Attorney, Baltimore, Maryland, for Appellee.

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

**OPINION**

PER CURIAM:

**\*\*1** Anthony B. Ware appeals from the entry of summary judgment in favor of the defendant, the Postmaster General, in Ware's employment discrimination suit. We affirm.

I.

Since March 1997 Ware has worked the night shift as a Laborer Custodial, a level three position, at a U.S. Postal Service (USPS) facility in Maryland. He alleges that his supervisor, Edwina Brown, started discriminating against him in 1998 by denying him his share of temporary acting supervisor assignments (204-B assignments) and temporary material handler assignments. Both positions carry higher pay than Ware's usual job, but are available only on an irregular basis depending on the staff present during a particular shift. The manager or supervisor has discretion to select persons to fill 204-B assignments; in contrast, temporary material handler positions are filled according to the ranking of level three employees on the promotion eligibility register (PER).

At earlier stages of this litigation Ware pressed several theories to explain the alleged discrimination, but he now pursues only his sex and retaliation claims. Specifically, Ware argues that he was denied 204-B assignments because of his sex and because he was retaliated against for engaging in protected activity. He also alleges that he was denied temporary material handler assignments in retaliation for engaging in protected activity.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

106 Fed.Appx. 829
106 Fed.Appx. 829, 2004 WL 1775010 (C.A.4 (Md.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 106 Fed.Appx. 829, 2004 WL 1775010 (C.A.4 (Md.)))

Page 3

Ware filed a series of complaints with the USPS's Equal Employment Opportunity Office, but was denied relief. He then filed the present discrimination suit. The district court granted the defendant's motion for summary judgment in a ruling from the bench. The court reasoned that summary judgment on the entirety of the case was appropriate; in the alternative, the court dismissed parts of Ware's complaint for failure to exhaust administrative remedies.

## II.

### A.

[1] We first dispose of Ware's argument that we should remand the case to *831 the district court because Ware had not conducted discovery at the time of summary judgment. Ware's argument fails because he never moved for a continuance or filed a Rule 56(f) affidavit to alert the court that he needed more time to gather evidence to avoid summary judgment. *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 961 (4th Cir.1996). He cannot now argue that he should have been allowed a continuance to conduct discovery. We therefore evaluate the district court's decision to grant summary judgment based on the evidence in the existing record. *See id.* at 961-62.

### B.

We review the grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party. *Evans,* 80 F.3d at 958. Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In other words, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**2 Ware seeks to establish his failure to promote claims using the burden shifting proof scheme described by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[FN*] To establish a prima facie case for sex discrimination, Ware must show that he (1) is a member of a protected class, (2) sought to be considered for an open position, (3) was qualified for the position, and (4) was rejected under circumstances giving rise to an inference of unlawful discrimination. *Evans,* 80 F.3d at 959-60. Similarly, to establish a prima facie case of retaliation, Ware must show that (1) he engaged in protected activity, (2) his employer took an adverse employment action against him, and (3) there was a causal link between the adverse action and the protected activity. *Carter v. Ball,* 33 F.3d 450, 460 (4th Cir.1994). The employer may rebut both prima facie cases by articulating a legitimate, nondiscriminatory reason for its actions. *See Evans,* 80 F.3d at 959; *Carter,* 33 F.3d at 460. The burden then shifts back to Ware to prove that the employer's legitimate reason is pretextual. *See Evans,* 80 F.3d at 959; *Carter,* 33 F.3d at 460.

> FN* Ware argues for the first time on appeal that his retaliation claims also fit an alternative structure for making out a case for discrimination-mixed motive. *See Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). However, Ware has waived this argument because he failed to raise it before the district court. *Muth v. United States,* 1 F.3d 246, 250 (4th Cir.1993).

The employer's main contention is that Ware did not suffer any adverse employment actions because he received some 204-B and temporary material handler assignments and was offered, but turned down, one 204-B assignment on another shift and two permanent material handler positions with different days off than his current position. It is difficult to understand what relevance these facts have

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

106 Fed.Appx. 829
106 Fed.Appx. 829, 2004 WL 1775010 (C.A.4 (Md.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 106 Fed.Appx. 829, 2004 WL 1775010 (C.A.4 (Md.)))

to the question of whether Ware suffered an adverse employment action. If the employer denied Ware a single temporary promotion for impermissible reasons, that would be an actionable adverse employment action regardless of whether the employer offered Ware different promotion opportunities at other times. *See Bryant v. Aiken Reg'l Med. Ctrs. Inc.,* 333 F.3d 536, 544 (4th Cir.2003) ("It has long been clear that failure to promote an employee constitutes an adverse employment action"). Of course, offering a different promotion*832 may indicate that the employer lacked a discriminatory motive. However, Ware has evidence indicating that the offers he turned down were empty gestures because his employer knew that he could not change his schedule in order to take the positions. It is not necessary for us to settle the argument about the meaning of these other offers because Ware's evidence suffers from more clear-cut flaws.

[2] Ware cannot prove that he was denied any 204-B assignments due to his sex or in retaliation for engaging in protected activity because he cannot show that the employer's non-discriminatory explanation is pretextual. Although payroll records reveal that Ware received some 204-B assignments in the relevant time period, Brown's affidavit tends to show that he received fewer 204-B assignments than his co-workers. It states that Brown "primarily utilized Hazel Etheridge and Pansy Bradford ... for [the 204-B] assignments" and that she also used Ricardo Douglas. We will therefore assume for the sake of argument that Ware has introduced sufficient evidence to support a finding that he has made out each element of his prima facie cases, including that he suffered an adverse employment action.

**3 The employer, however, has articulated a legitimate, non-discriminatory reason for its actions: Etheridge, Bradford, and Douglas were all more qualified for the temporary 204-B assignments than Ware. Ware concedes, as he must, that Etheridge and Douglas were more qualified than himself because they were both level four group leaders regularly responsible for overseeing others. However, he argues that the employer's explanation is pretextual because Bradford, a level three Custodial Laborer like himself, was less qualified. Ware has failed to show that there is a genuine issue of material fact on his relative qualifications.

In a failure to promote case, the plaintiff must show that he is more qualified than the person selected for the position. *Evans,* 80 F.3d 960. Brown's affidavit says that Bradford was selected because she already had significant 204-B experience and did not need further training, but that Ware did not have similar experience and did not perform as well in a supervisory role. The employer backs up the affidavit with evidence that Bradford began working for USPS three years before Ware. Ware offers no probative evidence that he had 204-B experience or qualifications superior to Bradford's. Instead, the record contains letters praising his previous military and USPS performances, but none of the documents speak to his performance as a 204-B or compare him with Bradford. Ware also points to two affidavits from co-workers that make conclusory assertions that Brown gave 204-B assignments to individuals less qualified than Ware. However, "[i]t is the perception of the decision maker which is relevant to the question of [discrimination], not the opinions of [Ware's] co-workers." *Tinsley v. First Union Nat'l Bank,* 155 F.3d 435, 444 (4th Cir.1998). Because the co-workers' affidavits are conclusory and "fail to address whether management honestly believed" that Ware was better qualified, summary judgment was appropriate on Ware's 204-B related claims. *Id.See also Lucas v. Chicago Transit Auth.,* 367 F.3d 714, 726 (7th Cir.2004) ("conclusory statements, not grounded in specific facts, are not sufficient to avoid summary judgment"); *Evans,* 80 F.3d at 960-61 (similar "unsubstantiated allegations and bald assertions" that the plaintiff was more qualified did not raise a genuine issue for trial).

Ware's remaining claim is that he received fewer temporary material handler assignments in retaliation for engaging in protected activity. However,

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

106 Fed.Appx. 829
106 Fed.Appx. 829, 2004 WL 1775010 (C.A.4 (Md.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 106 Fed.Appx. 829, 2004 WL 1775010 (C.A.4 (Md.)))

Ware has not produced enough evidence to establish his prima facie case, specifically that he **833** suffered an adverse employment action or that the action is related to his protected activities. *See Carter,* 33 F.3d at 460. Ware has produced no evidence of any instance when he did not receive a temporary material handler assignment that was available on his shift. Although he asserts that people ranked considerably lower than him on the PER received temporary material handler assignments, the record contains no evidence that this happened when Ware was available to take the assignment. Ware has not even shown that his temporary material handler hours declined suspiciously after he began engaging in protected activity; the record shows he received some material handler hours after he engaged in protected activity, but is silent on his pre-protected activity hours. Ware also asserts that he received no material handler assignments for two and one-half months after he started engaging in protected activities. However, Ware's pay records for this two and one-half month period are not included in the record; a factfinder could not infer without the records that any temporary material handler assignments were available during this time and that Ware was wrongfully deprived of those assignments. Ware cannot rely on assertions in his pleadings to avoid summary judgment; he must come forward with evidence to demonstrate that there is an issue requiring resolution at trial. *See Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. 2505.

**4 [3] Finally, Ware asserts that Brown, in violation of union rules, added a level four employee, Ricardo Douglas, to the top of the PER to block Ware from temporary material handler assignments. Assuming this would count as an adverse employment action against Ware, he cannot make out the final element of his prima facie case-that the action was causally related to the protected activity. *Carter,* 33 F.3d at 460. "[T]he employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish the third element of the prima facie case" because "by definition, an employer cannot take action because of a factor of which it is unaware." *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 657 (4th Cir.1998). In this case, at the time the employer put Douglas at the top of PER, Ware's protected activity had not even occurred. Douglas has been at the top of the PER since at least February 6, 1998, over four months before Ware alleges he first engaged in protected activity.

### III.

For the foregoing reasons, summary judgment on all of Ware's claims was proper. Because our reasoning disposes of the entire case, we do not address the district court's alternative ruling dismissing parts of Ware's complaint for failure to exhaust administrative remedies. The judgment of the district court is

*AFFIRMED.*

C.A.4 (Md.),2004.
Ware v. Potter
106 Fed.Appx. 829, 2004 WL 1775010 (C.A.4 (Md.))

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.