IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Cheryl H. Powell, ) | Civil Action No.: 4:08-cv-02482-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nan Ya Plastics Corporation America, ) | |
| ) | |
| Defendant. ) | |

This is an employment discrimination case. This matter is now before the court with the [Docket Entry 29] Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III[1] filed on February 11, 2010.[2] In his Report, the Magistrate Judge reviewed Defendant's [Docket Entry 20] Motion for Summary Judgment and recommended denying the motion only as to Plaintiff's claim for retaliation. Defendant timely filed objections to the Report on March 1, 2010, to which Plaintiff replied on March 5, 2010.

**Procedural Background and Facts**

Plaintiff's Complaint asserts claims of quid pro quo sexual harassment, hostile work environment and retaliation pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq., and a claim of age discrimination pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. Plaintiff originally filed this case in the

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule 73.02(B)(2)(g), D.S.C.

[2] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." In this case, the court finds that the issues have been adequately briefed by both parties and that a hearing is not necessary.

Court of Common Pleas for Florence County, South Carolina on June 12, 2008. Defendant removed the case to this court and filed its Answer on July 9, 2008.

Defendant filed its Motion for Summary Judgment on May 20, 2009. Plaintiff timely opposed the motion on June 29, 2009. In her Response, Plaintiff asserted that she was moving forward only on her retaliation claim. Response [Docket Entry 24] at 1. Defendant filed a Reply to Plaintiff's Response on July 10, 2009.

The Magistrate Judge entered his Report and Recommendation in this case on February 11, 2010. Defendant filed its [Docket Entry 30] Objection on March 1, 2010, and Plaintiff subsequently filed her [Docket Entry 32] Reply on March 5, 2010.

The court notes that the facts of this case were completely and accurately set forth in the Magistrate Judge's Report and Recommendation, which this Order adopts and incorporates by reference. Moreover, neither party objected to the Magistrate Judge's recitation of the facts in his Report, and therefore this court need not repeat the facts herein.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de*

2

*novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **Discussion**

The Magistrate Judge recommended that summary judgment should be denied as to Plaintiff's retaliation claim only. Report [Docket Entry 29] at 21. First, the Magistrate Judge found that Plaintiff presented sufficient evidence to establish a causal connection between Plaintiff's first complaint and her ultimate termination, and thereby set forth a *prima facie* case of retaliation. *Id.* at 16. Second, the Magistrate Judge found that genuine issues of fact existed sufficient to withstand summary judgment on that retaliation claim. Specifically, the Magistrate Judge held the following:

> [T]he factual dispute with regard to the details of the incident between Page and Plaintiff on the morning of her termination coupled with the factual dispute as to who made the final decision to terminate Plaintiff's employment creates just enough of a question of fact so that a reasonable juror could find in favor of Plaintiff. . . . [B]ased on the record as developed and as presented, although quite weak, Plaintiff's retaliation claim presents issues of fact.

*Id.* at 20. Defendant objected to both of these recommendations.

After thoroughly reviewing the Report, objections, memoranda, and applicable law, this court finds itself in agreement with the Magistrate Judge. First, genuine issues remain as to the circumstances surrounding the incident between Page and Plaintiff. Defendant contends that Plaintiff acted in a rude and inappropriate manner. However, Plaintiff contends that she was upset, but civil. Moreover, Plaintiff contends that it was Page that acted inappropriately.

3

Although Defendant provides additional witnesses that also contend Plaintiff acted inappropriately, in taking the evidence in the light most favorable to Plaintiff, genuine issues remain. Second and more importantly, it is not clear from the evidence in the record who made the final decision to terminate Plaintiff's employment. Defendant provides ample evidence that Chen and Stevenson made the ultimate decision. However, there is evidence in the record that Stevenson told Plaintiff, in the presence of Page, that Page had decided to fire Plaintiff for socializing on the job.[3] Moreover, Chen's Affidavit states the following, "After discussion with Stephen Page and David Trammel, the decision was made to terminate [Plaintiff's] employment based upon her insubordination and her past discipline history." Chen Aff. [Docket Entry 20, Attach. 25] at 2. Therefore, Page may have been a relevant decisionmaker in the termination of Plaintiff's employment. Taking this evidence in the light most favorable to Plaintiff, genuine issues of fact remain sufficient that a reasonable juror could find in favor of Plaintiff.[4] Because the court agrees with the Magistrate Judge that these genuine issues of fact still exist, the court finds that summary judgment should not be granted as to Plaintiff's retaliation claim.

---

[3] The court notes that Defendant argues Plaintiff cannot create genuine issues of material fact through her own affidavit that allegedly contradicts her prior testimony. However, Plaintiff's affidavit does not appear to be contradictory. Although the affidavit contains some information additional to that provided by Plaintiff in her deposition testimony, Defendant fails to point to any actual contradictions between the prior and current testimony. Rather, Defendant merely states in a conclusory fashion that Plaintiff's affidavit is contradictory. Because Defendant has failed to assert any actual contradictions, the court has treated Plaintiff's affidavit as evidence properly before the court in this summary judgment analysis.

[4] Significantly, the fact that Page may have been a relevant decisionmaker in Plaintiff's termination, along with the other events that took place in this case, is sufficient to establish a causal connection between Plaintiff's original complaint and her ultimate termination. Therefore, just as the Magistrate Judge found, Plaintiff successfully stated a *prima facie* case of retaliation. *See Evans v. Davie Truckers, Inc.*, 769 F.2d 1012, 1015 (4th Cir. 1985) (stating that "the burden of establishing a prima facie retaliation case is not onerous") (internal quotations and citations omitted).

**Conclusion**

For the reasons stated above and by the Magistrate Judge, the court overrules all of Defendant's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Defendant's Motion for Summary Judgment is **DENIED** as to Plaintiff's retaliation claim only. Plaintiff has withdrawn all other causes of action.

**IT IS SO ORDERED.**

                                            s/R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

March 24, 2010
Florence, South Carolina